IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE E. HOUSEKNECHT, GB-3811,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 06-621 |
| JOHN BEERS, et al.,<br>    Defendants. | )<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendants' Motion for Summary Judgment (Docket No.62) be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is the defendants' motion for summary judgment.

Jamie E. Houseknecht, an inmate at the State Correctional Institution at Greensburg has presented a civil rights complaint, as amended, which he has been granted leave to prosecute in forma pauperis.

In his amended complaint, Houseknecht alleges that the law library at the Restricted Housing Unit ("RHU") was inadequate; that as a result he missed court imposed filing deadlines; that since his placement in the RHU he has been denied an opportunity to telephone his mother; that in retaliation for complaining about missing personal property, he was verbally assaulted and

accused of throwing his food tray at officers; that on September 11, 2005, he was placed on a suicide watch following an unsuccessful suicide attempt and as a result was prevented from calling witnesses at disciplinary proceedings; that because of his mental health disabilities, he should not be housed in the RHU; that he was sexually assaulted by a mentally disturbed cellmate and as a result forced to live alone and that correctional officers ignored taunting of the plaintiff by other inmates. These facts are said to state a cause of action pursuant to 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants, and movants here are various officials at the State Correctional Institution at Greensburg.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In support of their motion, the defendants allege that the plaintiff has failed to exhaust his administrative remedies on the issues he seeks to raise here. The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[1] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

In her declaration appended to the instant motion, Kristen Reisinger, a Grievance Coordinator for the Pennsylvania Department of Corrections outlines the three steps which an inmate must take in order to successfully exhaust his administrative remedies; she further represents that she has researched the matters about which the plaintiff complains here and which were raised in grievances 144066, 143438 and 149809 and that he failed to pursue his final administrative appeal regarding these matters.[2] Copies of various grievances filed by the plaintiff, including those involving the matters about which he complains here, have also been provided.

On February 25, 2006, he filed grievance 145129 concerning the verbal assaults which had occurred. This grievance was only appealed to the institutional Superintendent.[3]

On February 12, 2006, he filed grievance 144066 about verbal assaults which was denied by the grievance officer and not further pursued.[4] This grievance is part of the matters about which the plaintiff complains here but he has failed to exhaust his administrative remedies on

---

[1] See: Administrative Directive 804.

[2] See: Exhibit 1 to the motion.

[3] See: Exhibit 7 to the motion.

[4] See: Exhibit 9 to the motion.

these issues.

On March 30, 2006, he filed grievance 148267 complaining that the staff was ignoring his mental health needs including housing him in isolation. This grievance was denied on the basis that his mental health needs were being professionally monitored and was denied at all administrative levels including final review.[5] While it appears that the matters raised in that grievance are a part of the instant litigation, by the plaintiff's own admission, as reaffirmed by institutional personnel, during this housing he is closely monitored by psychological and psychiatric personnel.[6] In order to prevail on his claim, the plaintiff must demonstrate that the defendant exhibited deliberate indifference to a serious medical need of his thereby exposing him to an excessive health risk Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). The record clearly demonstrates that the plaintiff is closely supervised by trained personnel and thus, it cannot be said that the defendants are indifferent to a serious medical need which may exist.

Additionally, the plaintiff has been informed by institutional personnel including the responsible physician, that his mental health needs are being monitored, and that his housing status is not inappropriately motivated but rather the result of his unacceptable institutional behavior which can be remedied if the plaintiff avoids requiring further discipline.[7]

On February 2, 2006, he filed grievance 143438 concerning the inadequate library

---

[5] See: Exhibit 10 to the motion.

[6] Id.

[7] Id.

facilities and the denial of access to a typewriter. This grievance was denied by the Superintendent and not further appealed[8] While the matters raised in that grievance do form a portion of the plaintiff's complaint here he has failed to exhaust his administrative remedies on that matter.

On April 18, 2006, the plaintiff filed grievance 149809 concerning lack of adequate library access. This grievance was denied by the grievance officer and not further appealed.[9] This matter likewise forms a basis for the complaint here but is subject to dismissal for failure to exhaust administrative remedies.

On March 30, 2006, he filed grievance 148268 regarding his inability to borrow prison law library books or be provided with copies of them. This grievance was denied by the Superintendent and the final review officer.[10] However, the matters contained in that grievance do not form a basis for the present litigation.

Despite being provided with extensive opportunities to file opposition to the present motion, the plaintiff has failed to do so.

Thus, it would appear that those issues which the plaintiff seeks to raise here, have either not been litigated through the administrative process or are without merit. For these reasons, they are not subject to further consideration here.

There being no material issues of fact in dispute and it appearing as a matter of law that the plaintiff is not entitled to relief here, it is recommended that the defendants' Motion for

---

[8] See: Exhibit 11 to the motion.

[9] See: Exhibit 12 to the motion.

[10] See: Exhibit 13 to the motion.

Summary Judgment be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

Entered: May 16, 2007                        s/Robert C. Mitchell,
                                                United States Magistrate Judge